# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30664

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2017

Lyle W. Cayce
Clerk

WILLIAM STAMPS, JR.,

Plaintiff-Appellant

v.

FREDRICK MENIFEE; JOE KEFFER; W. A. SHERROD; RICARDO MARTINEZ; M. D. CARVAJAL; GANSBURY; CORRECTIONAL OFFICER PIKE; LIEUTENANT FOSTER; REEVES; CASTANEDA; GLADFELTER; RICE; DAVIS; SPENCER SMITH; JOEL ALEXANDRE; ANDRE MOLINA; CYNTHIA ROBERTS; S. PRICE; VANDASEN; C. PRICE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-218

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

William Stamps, Jr., federal prisoner # 10953-042, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his civil rights claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In his complaint and attached

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30664

exhibits, Stamps alleged various claims based on his conditions of confinement and medical care during his incarceration from 2006 to 2013 at the United States Penitentiary in Pollock, Louisiana (USP-Pollock).

The district court dismissed Stamps's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. In addition, it adopted the magistrate judge's denial of Stamps's IFP motion and certification that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A).

By moving to proceed IFP on appeal, Stamps is challenging the certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Stamps has not challenged the district court's dismissal as to his claims regarding his cosmetic skin procedure, his medical treatment for a torn leg muscle, his treatment with Amoxicillin, or the defendants' refusal to provide him with an EpiPen and a special diet. He has therefore abandoned these claims by failing to brief them before this court. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

As to his claim regarding the conditions of his confinement, Stamps argues that the evidence contradicts the district court's finding that prison officials removed the toxic mold detected in USP-Pollock shortly after it was detected. His argument on that basis lacks factual merit. His remaining arguments regarding this claim and his medical-care claim rest on conclusory assertions or speculation and are therefore insufficient to state a valid

2

No. 15-30664

constitutional claim.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).  Moreover, although he contends that the district court erred by failing to construe his objections to the magistrate judge's report as a motion to amend his complaint to include the two claims presented to this court, the record shows that such a construal was not necessary because the magistrate judge reviewed and rejected those claims.

Accordingly, because Stamps has not raised a nonfrivolous issue for appeal, his IFP motion is denied, and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  The district court's dismissal of his complaint and the dismissal of this appeal as frivolous each counts as a strike under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Stamps is warned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.